UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. LONG, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO. 1:17-CV-142 |
| MADISON COUNTY SHERIFF ) (in his Official Capacity), ) ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Mark A. Long, on behalf of himself and all others similarly situated, by counsel, and alleges against the Defendant as follows:

1. The Named Plaintiff is Mark A. Long, who is a resident of the State of Indiana, County of Madison, who brings this claim on behalf of himself and all others similarly situated, to-wit, the "Class" which is represented by the Plaintiff and which includes the following individuals:

    Individuals who, from January 13, 2015 (two years prior to the filing of this Complaint) to the present, were incarcerated in the Madison County Jail and who were subjected to the detention policies of the Madison County Sheriff, and who had been arrested without a warrant, and who were then held more than forty-eight (48) hours following their arrest, and who were detained for longer than forty-eight (48) hours after their arrest without receiving a judicial determination of probable cause.

2. The Defendant is the Madison County Sheriff, who is responsible for the policies, practices, procedures, and customs that have been in effect at the Madison County Jail since January 13, 2015 up to the present, including the time that Plaintiff Mark A. Long was incarcerated and detained at the Madison County Jail from July 2, 2016 through July

5, 2016. Defendant Madison County Sheriff is named in his official capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, the Sheriff was responsible for the policies, practices, customs and procedures (or omissions thereof) which were unconstitutional and defective, and which resulted in Plaintiff and other similarly situated pretrial detainees being "over-detained", i.e. keeping warrantlessly arrested individuals for more than forty-eight (48) hours in the Madison County Jail before being given a judicial determination of probable cause, and/or not releasing individuals at the forty-eight hour (48) mark if they had not received a judicial probable cause determination.

3. The unconstitutional over-detentions of the Plaintiff and other similarly-situated pretrial detainees were in violation of their rights to be free from unreasonable seizure under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, and they were contrary to the United States Supreme Court decisions in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

4. Plaintiff Mark A. Long was incarcerated at the Madison County Jail from January 2, 2016 to January 5, 2016 after he was arrested without a warrant and after he was kept in the Madison County Jail for more than forty-eight (48) hours before receiving a judicial probable cause hearing.

5. On information and belief, Plaintiff contends that there are other arrestees/pretrial detainees who were arrested without a warrant and kept at the Madison County Jail beyond forty-eight (48) hours after their arrest and who were never given a timely judicial probable cause determination and who were not released within forty-eight (48) hours after their arrest.

6. The unconstitutional over-detentions of the Plaintiff, and other pretrial detainees he

represents, were caused by the Madison County Sheriff's unconstitutional policies, practices, customs, and procedures, as well as the Sheriff's failure to train his subordinates and employees with respect to over-detaining/failing to release pretrial detainees within forty-eight (48) hours after a warrantless arrest, as well as failing to train his employees on getting arrestees before a judge or magistrate for a timely probable cause determination.

7. The unconstitutional over-detentions alleged by the Plaintiff on behalf of himself and others similarly situated resulted in unreasonable seizures of the Plaintiff and the putative class members, in violation of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, and resulted in the Plaintiff and others similarly situated to suffer damages, harms and injuries, including, but not limited to, loss of liberty, loss of freedom, inconvenience, mental anguish, emotional distress, and other damages and injuries, including loss of employment/income, psychological injuries, and other injuries.

8. Pursuant to Rule 23 of the F.R.C.P. and L.R. 23.1, set forth below are references to the appropriate portions of Rule 23 which justifies maintaining this action as a class action:
   a. The class is so numerous that joinder of all putative class members would be impracticable;
   b. There are questions of law or fact (unreasonable seizure in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983) common to the class;
   c. The claims of the class representative are typical of the claims of the putative class members; and
   d. The class representative will fairly and adequately protect the interest of the class.

9. This action is maintainable as a class action because the prerequisites of subdivision (a) are satisfied, and in addition:

    a. Plaintiff and the putative class challenge the policies, practices, customs and procedures of the Madison County Sheriff in over-detaining pretrial detainees who were arrested without a warrant.

    b. There are questions of law or fact common to the members of the class (all of whom are entitled to monetary compensation for loss of liberty) which predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, that is:

        i) There is no interest of members of the class in individually controlling the prosecution of separate actions;

        ii) There is no collateral litigation to this case which has been commenced by other putative class members, at least such litigation is unknown to either the named Plaintiff or his counsel;

        iii) It would be desirable to concentrate the litigation of any and all claims similar to that of the Plaintiff into one forum (this Court); and

        iv) There are no known difficulties likely to be encountered in the management of this class action.

WHEREFORE, Plaintiff, Mark A. Long, on behalf of himself and others similarly situated, respectfully requests judgment against the Defendant for compensatory damages available under 42 U.S.C. § 1983, attorney's fees and costs pursuant to 42 U.S.C. § 1988 and for all other just and

proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:	(260) 424-0600
Facsimile:	(260) 424-0712
E-mail:	cmyers@myers-law.com
Attorney for Plaintiff

CCM/js