UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-00142-SEB-TAB |
| ) | |
| MADISON COUNTY SHERIFF, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY CLASS AND APPLICATION OF CLASS COUNSEL**

This cause is before the Court on Plaintiff's Motion to Certify Class [Dkt. 75] and Application of Class Counsel [Dkt. 77], filed by Plaintiff Mark Long on December 2, 2019. Mr. Long brings this action on behalf of himself and all similarly situated individuals and seeks certification under Federal Rules of Civil Procedure 23(a) and 23(b)(1)(A), or (2) or (3) of the following proposed class:

> All persons who were arrested without a warrant from January 13, 2015 to July 1, 2018, and detained in the Madison County Jail for more than forty-eight hours, without a judicial determination that probable cause existed to continue to detain them for the offense for which they were arrested, and without other valid legal reason to hold the arrestees, including, but not limited to, a warrant or hold from another jurisdiction.

Dkt. 75 at 1.

Defendant Madison County Sheriff ("the Sheriff") originally objected to class certification but withdrew that objection on March 19, 2020 [Dkt. 98]. While the Sheriff no longer objects to class certification, he maintains that, if the class is certified, the vehicle for doing so is Rule 23(b)(3), not (b)(1) or (b)(2), and further, that "any class

1

definition should be modified to exclude any individual for whom a 'bona fide emergency or other extraordinary circumstance' prevented the Defendant from providing a prompt probable cause review." Dkt. 98 at 1–2.  Mr. Long does not object to the Sheriff's suggested modification of the class definition.

For the reasons detailed below, we GRANT Plaintiff's Motion to Certify Class and Application of Class Counsel and certify the class defined in Plaintiff's motion, as modified.

## Factual Background

Mr. Long was arrested without a warrant on July 2, 2016 and placed in the Madison County Jail.  He was not given a probable cause determination within the 48-hour period following his arrest, nor was he released within that time.  According to his counsel, it is estimated that during the approximately three-and-a-half year period described in the proposed class definition, between three hundred and one thousand individuals were similarly arrested without a warrant and confined in the Madison County Jail without having a judicial probable cause hearing or being released within 48 hours.  Through counsel, Mr. Long filed this action on January 13, 2017, alleging that the Sheriff has a practice, custom, or policy, or policy/custom of omission of failing to ensure detainees arrested without a warrant are either taken before a judge or magistrate or released within 48-hours, which is violative of the Fourth Amendment to the United States Constitution, the Supreme Court holdings in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and the law of the Seventh Circuit as set forth in *Luck v. Rovenstine*, 168 F.3d 323 (7th Cir. 1999).

## Legal Analysis

### I.   Rule 23 Standard

Rule 23 sets out four threshold requirements for certification of a class action.  A district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a).  These four requirements—the Rule 23(a) requirements—typically are summarized as numerosity, commonality, typicality, and adequacy of representation.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

In addition to the Rule 23(a) requirements, a class action is appropriate only when at least one of the following is present: there is a risk that prosecuting the matter in separate actions will create incompatible standards of conduct binding the defendant; adjudication of separate individual claims would prejudice the interests of potential parties not joined to the suit; the defendant has acted or refused to act on grounds that apply generally to the putative class; or the court finds that 'questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(1)–(3).

A class action may be certified only after a rigorous examination whether the requirements under Rule 23 have been met.  *Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015).  As the party seeking class certification, Mr. Long bears the burden of

3

demonstrating that he (the class representative) and the class as a whole meet the requirements of Rule 23(a), and those set forth in one of the subsections of Rule 23(b). *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

**II.     Discussion**

The Fourth Amendment is violated when an arrested individual does not receive a probable cause determination within 48 hours, unless the government demonstrates "the existence of a bona fide emergency or other extraordinary circumstance." *McLaughlin*, 500 U.S. at 57. Courts have adopted a burden shifting analysis using 48 hours as a benchmark. *See Portis v. City of Chicago*, 613 F.3d 702, 704 (7th Cir. 2010) (citing *id.* at 56–57). Under this framework, a period of 48 hours or less between arrest and presentation to a magistrate judge for a probable cause hearing is presumed reasonable, and the arrestee must show that the length of incarceration is unreasonable; a delay of more than 48 hours is presumed unreasonable, and a government official bears the burden of showing that any detention lasting more than 48 hours is reasonable and justifiable. *McLaughlin*, 500 U.S. at 56–57.

Here, as noted above, Mr. Long alleges that the Sheriff had in place unconstitutional and defective "polices, practices, customs and procedures (or omissions thereof) … which resulted in Plaintiff and other similarly situated pretrial detainees being 'over-detained,' i.e. keeping warrantlessly arrested individuals for more than forty-eight (48) hours in the Madison County Jail before being given a judicial determination of probable cause, and/or not releasing individuals at the forty-eight hour (48) mark if they had not received a judicial probable cause determination" in violation of the Fourth

4

Amendment.  Compl. ¶¶ 2–3.  Mr. Long seeks "compensatory damages available under 42 U.S.C. § 1983 [and] attorney's fees and costs …." *Id.* at 4.

As noted above, the prospective class is defined as follows:

> All persons who were arrested without a warrant from January 13, 2015 to July 1, 2018, and detained in the Madison County Jail for more than forty-eight hours, without a judicial determination that probable cause existed to continue to detain them for the offense for which they were arrested, and without other valid legal reason to hold the arrestees, including, but not limited to, a warrant or hold from another jurisdiction.

Dkt. 75 at 1.

We now turn to address the Rule 23 requirements for class certification.

### A.      Rule 23(a) Requirements

#### 1.      Numerosity

To be eligible for certification, a proposed class must be so numerous that joinder of all the members as plaintiff would be impracticable.  FED. R. CIV. P. 23(a)(1).  "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *A.M.T. v. Gargano*, No. 1:10-cv-0358-JMS-TAB, 2010 WL 4860119, at *3 (S.D. Ind. Nov. 22, 2010) (citing *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 644 (N.D. Ill. 2002)); *see also Hubler Chevrolet, Inc. v. Gen. Motors Corp.*, 193 F.R.D. 574, 577 (S.D. Ind. 2000).

Here, based on Mr. Long's counsel's review of court documents as well as information from defense counsel, Mr. Long contends that the proposed class includes anywhere between 300 and 1,000 individuals.  The Sheriff concedes that, based on the parties' initial review, it appears that at least 40 detainees were held for more than 48

hours before receiving a probable cause determination.  Although the Sheriff argues that there may be some number of over-detainees who were held because of a bona fide emergency or other extraordinary circumstance and who would therefore fall outside the class definition, he has at this stage presented no evidence of the number of potential class members who might be in this category, and further, he has since withdrawn his objection to class certification.  Accordingly, we find the numerosity requirement met in this case.

### 2. Commonality and Typicality

Rule 23's commonality criterion requires that the issues raised by the complaint be "common to the class as a whole" and that they "turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (citing *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)).  "The question of typicality in Rule 23(a)(3) is closely related to the … question of commonality."  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory."  *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quotation marks and citation omitted).

Here, "the primary issue in this case, whether each individual was detained for more than 48 hours after an arrest without a warrant and without a probable cause determination, is common to the class.  Further, the primary legal question—whether the Fourth Amendment was violated as a result of this detention—is also common to each

6

class member." *McFarlane v. Carothers*, No. 4:15-cv-00176-SEB-DML, 2017 WL 1190602, at *4 (S.D. Ind. Mar. 31, 2017).  Mr. Long's claims and the claims of the putative class members are also "typical" of each other.  All were arrested in Madison County, taken to Madison County Jail, and over-detained pursuant to the same alleged policy or custom of the Sheriff.  Thus, Mr. Long has met his burden to satisfy the commonality and typicality requirements in this case.

### 3. Adequacy

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class."  This determination rests on several factors, including whether the named plaintiff has interests that are antagonistic to the class, whether the named plaintiff has a sufficient interest in the outcome of the litigation to ensure vigorous advocacy, and the adequacy of the named plaintiff's counsel.  *See Fosnight v. LVNV Funding, LLC*, 310 F.R.D. 389, 393 (S.D. Ind. 2015).  The Sheriff has not challenged Mr. Long's adequacy as class representative or the adequacy of Mr. Long's counsel.  We agree that there is no indication that Mr. Long's interests are antagonistic to those of the proposed class and he has a sufficient interest in the lawsuit as he stands to recover damages on behalf of himself as well as the class.  The record shows that Mr. Long's counsel is experienced in class action litigation as well as the subject matter at issue in this particular lawsuit.  For these reasons, we find that Mr. Long has demonstrated that he will adequately represent the interests of the putative class.

### B.     Rule 23(b)(3) Requirement

In addition to the four threshold criteria of Rule 23(a), a proposed class must meet one of the additional requirements set forth in Rule 23(b).  Here, the proposed class satisfies Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).  The Sheriff does not dispute that common questions of fact or law predominate in this case and that the requirements for certification under Rule 23(b)(3) are met.  Several courts addressing this issue in over-detention cases such as this have likewise found that Rule 23(b)(3) is the appropriate vehicle for certifying such a class.  *See, e.g.*, *McFarlane*, 2017 WL 1190602, at *6; *Portis v. City of Chicago*, No. 02 C 3139, 2003 WL 22078279, at *3 (N.D. Ill. Sept. 8, 2003); *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *16–17 (N.D. Ill. Oct. 19, 2001).  The court thus finds that a class should be certified in this action under Rule 23(b)(3).

### C.     Class Definition

The Sheriff argues that, if the Court decides that a class should be certified in this case, the class definition should be modified to exclude any individual for whom a "bona fide emergency or other extraordinary circumstance" prevented him from providing a prompt probable cause review.  Mr. Long has no objection to including such an exclusion in the class definition.  Because the parties agree to this modification of the class definition, that exclusion will be added to the definition of the class certified in this case.

### III.     Conclusion

For the reasons detailed above, Plaintiff's Motion to Certify Class [Dkt. 75] is GRANTED. The following class shall be certified under Fed. R. Civ. P. 23(a) and (b)(3) in this matter:

> All persons who were arrested without a warrant between January 13, 2015 and July 1, 2018, and detained in the Madison County Jail for more than forty-eight hours, without a judicial determination that probable cause existed to continue to detain them for the offense for which they were arrested, or without any other valid reason to hold the arrestees for more than forty-eight hours, including but not limited to a warrant or hold from another jurisdiction, except any person for whom a bona fide emergency or other extraordinary circumstance prevented Defendant from providing a prompt probable cause review.

Because we find proposed class counsel capable of advancing the interests of the class, their application for class counsel [Dkt. 77] is also GRANTED.

IT IS SO ORDERED.

Date:  _____4/15/2020_____     _____
                                                                            SARAH EVANS BARKER, JUDGE
                                                                            United States District Court
                                                                            Southern District of Indiana

Distribution:

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Timothy Sean Lanane
tslanane@sbcglobal.net

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com