**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MARK A. LONG, on behalf of himself )
and others similarly situated,      )
                                    )
            Plaintiff,              )
                                    )
                                    )
        v.                          )        CAUSE NO. 1:17-CV-142-SEB-MG
                                    )
MADISON COUNTY SHERIFF              )
(in his Official Capacity),         )
                                    )
            Defendant.              )

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is made between and among Mark Long ("Named Plaintiff"), individually and as representative of the Settlement Class (collectively "Plaintiffs"), and Madison County Sheriff Scott Mellinger, in his official capacity ("Defendant").

## I.  INTRODUCTION

1.      This Agreement shall fully and finally settle all claims by the Plaintiffs against the Defendant that were or could have been asserted in the case of *Mark A. Long, on behalf of himself and others similarly situated v. Madison County Sheriff (in his Official Capacity)*, U.S. District Court, Southern District of Indiana (Indianapolis Division), Case No. 1:17-CV-142-SEB-MG (hereafter, "the Action.").

1

## II.  RECITALS

2.     This is a class action in which the Named Plaintiff alleged in the Complaint that the Defendant violated the United States Constitution in connection with policies, procedures and/or customs regarding the detention and handling of suspects arrested without a warrant who were incarcerated in the Madison County Jail.

3.     The Sheriff, who is named in his official capacity, expressly denies any allegation that he or any of his employees intentionally violated the rights of any detainee housed at the Madison County Jail.  However, this Defendant acknowledges the requirement of a prompt judicial determination of probable cause following a warrantless arrest pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). This Defendant further stipulates that there is sufficient evidence in this case to establish the existence of a constitutionally inadequate custom at the Madison County Jail from January 13, 2015 to July 1, 2018, whereby certain individuals who were arrested without a warrant and booked into the Jail were held over 48 hours after their arrest in the absence of a timely judicial probable cause determination and/or other timely judicial order for their continued detention and/or without any other valid reason to hold them, and that said constitutionally inadequate custom was the cause of the Fourth Amendment violations suffered by the Plaintiff and the class members.

4.     The Parties stipulate that beginning on July 1, 2018, the Sheriff implemented changes to policies, practices, procedures and/or customs at the Madison County Jail to ensure that individuals arrested without a warrant and deposited in the

Madison County Jail have received probable cause determinations within 48 hours of their arrest and/or other judicial order for their continued detention, and in the absence of that, received a timely pre-trial release.

5.   The Parties stipulate that the loss of liberty caused to the class representative and the putative class members was caused by the Sheriff only in his official capacity.

6.   The Parties stipulate there has been, by way of this lawsuit, a corresponding alteration in the legal relationship of the Parties and a judicial imprimatur on the change. The Parties stipulate that the class members' over-detention is a loss and harm caused by the alleged constitutionally inadequate custom in effect which changed the legal relationship of the parties (which the Plaintiff contends has been proven).  By this stipulation, the Parties have gained judicial approval of the relief vis-a-vis the merits of the case.

7.   The Parties, by their respective counsel, stipulate that Plaintiff is a prevailing party for purposes of 42 U.S.C. §§ 1983 and 1988, and that Plaintiff has met the standard for prevailing-party status set forth in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598 (2001). Counsel for the Plaintiffs will petition the Court for attorneys' fees; the Defendant will have the opportunity to review Counsel's petition and object.

8.   The Court entered an order certifying the Class on April 15, 2020, appointing Named Plaintiff Mark Long as representative of the Settlement Class, and appointing the following as Class Counsel:  Christopher C. Myers, Ilene M. Smith, 809 S. Calhoun, Suite 400, Fort Wayne, IN 46802.

9. Plaintiffs and Defendant desire to affect a full and final settlement, a release of all claims against Defendant, and dismissal with prejudice of all claims against Defendant in the Action on the terms set forth below, subject to the approval of the Court.

10. The Parties agree a claims administrator will be used to administer this Agreement.

### III.  INCORPORATION

11. The Recitals above are incorporated into this Agreement by this reference.

12. All Exhibits attached hereto are hereby incorporated into this Agreement by this reference.

### IV.  GENERAL DEFINITIONS

13. The "Parties" to this Agreement are:

   a. Named Plaintiff, Mark Long, individually and on behalf of the Settlement Class (also referred to as "Releasors"); and

   b. Defendant, Madison County Sheriff Scott Mellinger, in his official capacity.

14. The "Settlement Class" is defined as follows:

   a. All persons who were arrested without a warrant between January 13, 2015 and July 1, 2018, and detained in the Madison County Jail for more than 48 hours, without a judicial determination that probable cause existed to continue to detain them for the offense for which they were arrested, or without any other valid reason to hold the arrestees for more than forty-eight hours, including but not limited to a warrant or hold from another jurisdiction, except any person for whom a bona fide emergency

4

or other extraordinary circumstance prevented Defendant from providing

a prompt probable cause review.

b.   Named Plaintiff, Mark Long, is the class representative.

c.   The Settlement Class is comprised of two groups:

**Group I:**  The Named Plaintiff and all Class Members, who suffered a
loss of liberty as a result of being over-detained; and

**Group II:**  Individual Class Members who also timely submit Claims
Forms with respect to alleged emotional distress, mental anguish, loss of
income/wages, or other special damages above and beyond loss of
liberty.

d.   Persons to be excluded from the class include those persons who meet the

definition of the Settlement Class but who completed and provided to

Class Counsel notice of intent to opt-out from the Class and Settlement,

by submitting a timely Opt-Out form to Class Counsel.

e.   A "Class Member" is a member of the Settlement Class.

f.   "Class Counsel" for the Plaintiffs, the Named Plaintiff and the Settlement

Class, are Christopher C. Myers and, Associates; of the law firm

Christopher C. Myers & Associates.

g.   "Defense Counsel" are Casey Stansbury and Curt Graham, of Freeman,

Mathis & Gary, LLP.

h.   "Claims Administrator" is **Rust Consulting**.  The Claims Administrator

shall provide Notices of the Agreement and distribution of settlement

funds, at the estimated cost of approximately $**55,329.00**.  Payment for

these services will be made directly from the Defendant to the Claims

Administrator.

i.  The "Releasees" are the Defendant, Madison County Sheriff, in his individual and official capacity, Madison County, Indiana, and their executors, successors, principals, insurers, employers, employees (former, current and future), representatives (former, current and future), agents (former, current and future), officers (former, current and future), administrators, assigns, and any and all other persons or entities known and unknown.

j.  The "Settlement Fund" will be an account created by the Claims Administrator and funded by Defendant, pursuant to Paragraphs 29 through 32, in the amount of $623,591.04, which is the sum total of:

1.  *General Damages Claims*. The maximum amount to be paid as general damages for Class Members' loss of liberty claims (based on an hourly rate of $28/hour of over-detention).

    i.  Maximum amount to be paid for general damages is $418,591.04 (Note: Any unclaimed general damages revert to the Defendant as outlined herein, after Class Counsel have been provided a reasonable opportunity to locate and contact the unserved class members);

    ii.  The calculation for the general damages awards is based upon 14,949.68 total hours x $28.00 per hour.

2.  *Special Damages Claims*. Compensation to Class Members who properly present their claim for special damages. The Defendant shall not be required to pay more than $200,000 for special damages. The Special Master will be responsible for reviewing and determining any special damages to be awarded to Class Members who timely and properly submit a special damages claim. (Note: To the extent the Special Master awards special damages totaling less than $200,000, the residual amount shall revert to the Defendant as outlined herein);

3.  *Named Plaintiff's Incentive Award*. The Named Plaintiff's Incentive Award totals ($5,000).

k. "Claims payments" are payments to Class Members, including payments to the class for general loss of liberty damages and Individualized Special Damages Awards for those class members who timely filed statements of special damages claims.

l. Special Master: The Special Master will be responsible for reviewing and determining the amount be awarded to Class Members that properly submit a timely special damages claim, with the amount awarded to eligible Class Members to be subject to Court approval and with the total combined amount of Special Damages Awards to be consistent with the terms of this Settlement Agreement;

m. The "Preliminary Approval Order" is an order by the Court preliminarily approving this Agreement. A proposed Preliminary Approval Order is attached as Exhibit "C" hereto, and further described in Paragraph 47 of this Agreement.

n. "Final" refers to a judgment order in which:

1. A Judgment is a final and appealable judgment; and

2. No appeal has been taken from the judgment as of the date for which the time period for appeal expired; or

3. An appeal or other review proceeding of the judgment is finally concluded and the judgment is no longer subject to review by any court by appeal, including petitions for rehearing, petitions for writ of certiorari, and any such appeal is resolved affirming the Final Order and Judgment in all material respects.

o. "Final Approval Order" is a final order and judgment entered by the Court granting Final approval of this Agreement. A proposed Final Approval Order is attached as Exhibit "D" hereto.

p. "Fairness Hearing" is a hearing, conducted prior to the issuance of the Final Approval Order, in which the fairness, reasonableness, and adequacy of the proposed settlement is considered by the Court.

q. "Business Day" is Monday through Friday, excluding government holidays.

r. "Non-Business Day" is Saturday, Sunday, and all government holidays.

## V.  NOTICE OF CLASS AND SETTLEMENT

15. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, the Claims Administrator shall send notice by first class U.S. Mail ("Mailed Notice"), in the form of Exhibit "A" attached hereto without material alteration, to the last-known address of each identified Class Member, whose names and last-known addresses are reasonably ascertainable from Madison County Sheriff arrest records, records from other arresting agencies, court records, and other public records. The identified Class Members are those appearing on the Parties' Agreed to Data Charts of Class Members, attached as Exhibit E.  Prior to the mailing, the Claims Administrator shall attempt to find updated addresses and verify the accuracy of the addresses of Class Members, and utilize social media, including without limitation Facebook, Twitter, and Myspace, to locate and contact Class Members, the costs of which are included in the administration costs described herein.  The Mailed Notice shall:

    a.  Inform the Class Member of the Settlement Class, the proposed Class Settlement, and the Fairness Hearing;

    b.  Inform the Class Member to contact Class Counsel with questions regarding the Settlement Class or terms of the Settlement Agreement;

    c.  Inform the Class Member how to assert a timely Special Damages Claim;

    d.  Inform the Class member how to opt-out of the Class if they so choose;

    e.  Inform the Class Member of their right to object to the Settlement Agreement and/or its terms; and

    f.  Inform the Class Member of the specific requirements for making a timely objection and that failure to meet such requirements shall be deemed a waiver of the objection.

16. If as a result of the mailing, a forwarding address is provided by the postal Service, but the Mailed Notice is not forwarded by the Postal Service, the Claims Administrator will re-mail the Mailed Notice to the forwarding address.  In the event that any Mailed Notice is returned as undeliverable a second time, the Claims Administrator will notify Class Counsel and Defense Counsel of the inability to serve the Mailed Notice to the affected Class Member, and:

    a.  Provide Class Counsel and Defense Counsel with the names of the unlocated Class Members, and the addresses for which the Claims Administrator unsuccessfully attempted to serve the Mailed Notices;

    b.  Class Counsel will be given an opportunity to then also attempt to locate the missing Class Members and serve the Mailed Notice to them.

    c.  In the event the missing Class Member is not located after a search by Class Counsel, no checks shall be mailed to the missing Class Member.

17. Within thirty (30) days of the entry of the Preliminary Approval Order, the

Claims Administrator shall issue a published notice ("Published Notice"), in the form of **Exhibit "B"** attached hereto without material alteration, in the [*publication approved by the Court which is generally recognized as having the largest circulation in the area and most likely to reach the most potential class members*]. The Claims Administrator will file with the Court proof of publication of the Published Notice within 30 days of the publication date. The published notice shall appear for three consecutive Sundays.

18. Class Members shall be permitted to speak with Class Counsel regarding the Settlement Agreement, the Settlement Class and the Procedure for Approving the Settlement, among other things.  Class Counsel shall be available by telephone to answer questions by the Named Plaintiff and Class Members regarding the terms of this Agreement. The Claims Administrator shall file proof of mailing of the Mailed Notice at or before the date of the Fairness Hearing.

19. Notwithstanding the aforementioned procedure, if it is determined an individual should have been included as a Class Member but was erroneously excluded, or if the individual was a Class Member but failed to receive a settlement check, then such an individual shall be entitled to participate in the class, subject to the availability of funds in the Settlement Fund, and approval of the Court, provided that prior to dismissal of the action, the individual (a) notifies Class Counsel of their updated contact information; and (b) the individual's eligibility and status as a Class Member is confirmed.

## VI.  OBJECTIONS

20. In order to object to the fairness, reasonableness, or adequacy of this Agreement, or any term herein:

    a.  Class Members shall mail the objection to Class Counsel and the Claims Administrator, no later than thirty (30) days after the postmarked date of the Mailed Notice and at least thirty (30) days prior to the Final Approval Hearing; or

    b.  If an attorney is hired by a Class Member, at the Class Member's expense, for the purpose of objecting to this Agreement, or any term herein, then such attorney shall mail the objection to Class Counsel and the Claims Administrator, no later than thirty (30) days after the postmarked date of Mailed Notice and at least thirty (30) days prior to the Final Approval Hearing.

21. Objections made pursuant to Paragraph 20 must include:

    a.  A heading that refers to the Action by case name (*Mark Long v. Madison County Sheriff*) and case number (1:17-CV-142-SEB-MG);

    b.  Information demonstrating the objector is a Class Member, specifically the objector's:

        i.   Name;

        ii.  Address;

        iii. Date(s) of arrest(s) that fall within the class period (to the extent known);

        iv.  Date of birth; and

      v.  Last four digits of the objector's Social Security Number;

  c.  A statement whether the objector intends to appear at the Fairness Hearing and whether the objector intends to make a statement at the Fairness Hearing (such appearances and statements may only be made by the objector or by objector's own counsel);

  d.  A statement identifying any counsel representing the objector (other than Class Counsel), specifically counsel's:

      i.  Name;

      ii.  Bar Number;

      iii.  Firm Address;

      iv.  Telephone number; and

      v.  Email address;

  e.  A statement of the specific legal and factual basis for each objection;

  f.  A description of any and all evidence the objector may offer at the Final Approval hearing; and

  g.  The objector's signature.

22. If the objector fails to timely serve their objection to the Claims Administrator within the time frame set forth above, and/or fails to provide all required information set forth above, then the objection shall be deemed untimely, waived, and denied.

23. The right to object to this Agreement may be exercised individually by a Class Member or Class Member's personal attorney.  This right may not be exercised as a member of a group or class, or, except in the case of a deceased or incapacitated

Class Member, by a third party acting, or purporting to act, in any other representative capacity on behalf of the Class Member.

24. Class Counsel and the Claims Administrator will provide Defense Counsel with copies of all objections, notices of intention to appear, and other communications that come into its possession.

25. If any privileged communications are disclosed in any objections, notices of intention to appear, or other related communications by Class Members, the privilege shall not be deemed waived by such disclosure.

26. The Claims Administrator shall forward all objections to Class Counsel and Defense Counsel within two (2) Business Days of receipt.

27. Class Counsel and Defense Counsel shall report to the Court, within fifteen (15) days prior to the Fairness Hearing, their joint or respective responses to each timely objection.

28. The final approval hearing shall occur at least 90 days after the notice required under the Class Action Fairness Act (CAFA) is provided.

### VII.  SETTLEMENT FUND

29. The amount of $623,591.04 to be paid into a Settlement Fund established by Rust Consulting, is fair and adequate to cover all awards and payments to Class Members that are required by this Agreement.  Additional payments may be made by the Defendant directly to the Special Master and Class Counsel as set forth below, upon approval of the Court.

30. The Claims Administrator shall administer the Settlement Fund.

31. Defendant shall pay a total of $623,591.04 into the Settlement Fund established by Rust Consulting.

32. Defendant shall deliver the Settlement Fund to Rust Consulting by the later of the following:

    a. Fifteen (15) days after any appeal taken from the Final Approval Order is fully and finally resolved and is no longer subject to review by any court; or

    b. Forty-Five (45) days after the entry of the Final Approval Order, if no appeal is taken.

## VIII.  RECOVERY AND AWARDS

33. **Administration Costs**

    a. If this Agreement receives final approval by the Court, the Defendant shall pay all administrative costs incurred by the Claims Administrator, including but not limited to, the costs of the Mailed Notices, the Published Notice, and administering the Settlement Fund ("Administration Costs") incurred by the Claims Administrator, subject to court approval.

    b. The Claims Administrator **Rust Consulting** has provided an estimate of anticipated Administration fees and costs of **$55,329.00**.

    c. The Claims Administrator shall perform all work necessary to effectuate the Notices and administer this Agreement and the Settlement Fund.

    Class Counsel and Defense Counsel have agreed on a list of Class Members, their compensable time pursuant to law enforcement and court records, and their addresses (based upon arrest/jail records and subject to modification based upon updated address information, if obtained) which is attached hereto as Exhibit "E", Data Charts.  Exhibit "E" shall be sent to the Claims Administrator.  All such information shall be treated confidentially and

returned to Defendant at the conclusion of the administration of this Agreement.

34. **Named Plaintiff's Incentive Award**

    a.  Subject to Court approval, the Named Plaintiff is eligible to receive an additional incentive award ("Incentive Award") not to exceed Five Thousand and 00/100 Dollars (**$5,000.00**).

    b.  If an Incentive Award is approved by the Court, the Claims Administrator shall pay to the Named Plaintiff Mark Long, the amount of the approved Incentive Award out of the Settlement Fund.

    c.  Notwithstanding an Incentive Award, Named Plaintiff Mark Long is also entitled to general damages from the Settlement Fund for time spent as a *Gerstein* over-detainee, and *may* be entitled to a special damages award (should he properly assert a special damages claim).

35. **Attorneys' Fee Award**.  Reasonable and necessary attorneys' fees, costs, and expenses incurred by Class Counsel shall be paid by the Defendant to Class Counsel once approved by the Court ("Attorneys' Fee Award").

    a.  Class Counsel may petition the Court for an order awarding attorneys' fees and costs, including as an Interim Attorneys Fee Award and/or Final Attorneys Fee Award.

    b.  The Defendant will have an opportunity to review Class Counsel's petition(s) and object if they so choose.

    c.  A determination of awards of Interim Attorney Fees and Final Attorney Fees will be decided by the Court.

d. Any Attorneys' Fee Award shall be paid to Class Counsel by the Defendant within 30 days of any Order from the Court granting the award of fees and/or costs to Class Counsel.

36. **Class Members' Damages Awards**

a. The Defendant will deposit into the Settlement Fund **$418,591.04** to compensate identified and located class members at a rate of **$28.00** per hour for general loss of liberty damages.

b. The Defendant will deposit an additional **$200,000.00** into the Settlement Fund to compensate class members for timely submitted special damages claims, to the extent that a class member submits a timely special damages claim to Class Counsel, with the amount of said award to be determined by the Special Master, and subject to approval of the Court.

37. **Class Members Eligible for Payment for General Damages from Loss of Liberty**.

Each Class Member is entitled to payment for the general damages claims(s) for simple loss of liberty, in an amount calculated pursuant to this Paragraph.

a. Payment amounts shall be calculated as provided below:

i. Class Members are eligible to receive a payment for general damages (loss of liberty damages) based upon their total *Gerstein* over-detention time (the number of hours over 48 hours after their arrest until they either received a judicial probable cause determination, were released and/or otherwise were no longer *Gerstein* over-detainees), at an hourly rate of **$28.00** per hour, and must satisfy the following:

1. The Class Member was arrested during the Settlement Class period, without a judicial warrant pending;

2. The arrest records, court records, and/or Madison County Sheriff's records show that the Class Member was neither released nor received a judicial determination of probable cause within forty-eight (48) hours of arrest, nor did any other lawful reason exist for continuing their detention beyond 48 hours after arrest;

3. The arrest records, court records, and/or Madison County Sheriff's records demonstrate that more than forty-eight (48) hours passed between the Class Member's arrest and the earlier of the: a) time of release or b) the time of judicial determination of probable cause;

4. The arrest records, court records and/or Madison County Sheriff's records demonstrate there were no arrest warrants or judicial orders in effect that authorized the individual's continued detention despite more than 48 hours having passed since the individual's arrest; and

5. The Class Member has been located for purposes of check distribution.

ii. For purposes of calculating the payment amount, the time of arrest shall be determined based upon the arrest records, jail records, and/or court records regarding each Class Member.

iii. A properly presented claim for general damages is one in which:

17

1. The class member's name, applicable date of arrest, and calculated length of over-detention appears on the Parties' agreed to Over-Detention Data Chart;

2. No warrants, judicial orders, or other court records show the putative class member fails to meet criteria as a *Gerstein* over-detainee; and

3. The Class Member has been located by either the Claims Administrator or Class Counsel.

b. If an individual claiming to be an omitted class member comes forth, the burden is on that individual to prove they meet criteria for participation in the class, including by producing sufficient court and arrest records showing they were arrested in the absence of a warrant, deposited in the Madison County Jail, and held there more than 48 hours after their arrest, in the absence of a judicial probable cause determination within that time period, or other lawful reason for continued detention beyond 48 hours (such as a judicial hold order, issuance of a warrant, an out of county-hold, pending probation or pending parole, etc.).

c. If the payment amount required by this Paragraph exceeds the funds remaining in the Settlement Fund following payment of Administration Costs, the Incentive Award, the Individual Special Damages Awards, then payments to eligible Class Members shall be reduced on a *pro rata* basis so total payments made pursuant to this Agreement do not exceed the amount of the Settlement Fund.

    d.   Class Members who were over-detained more than once during the class period, and who satisfy the definition of the Settlement Class for each applicable over-detention, are eligible to receive payments for each separate over-detention.

38.    **Class Members Entitled to Individual Special Damages Awards**.

a.    The Parties agree to the appointment of either **C. Erik Chickedantz or Scott Bunnel** as Special Master, for the purpose of determining the value of each of eligible Class Member's "Individual Special Damages Award".  Individual Special Damages Awards are to be determined by the appointed Special Master. Only those Class Members that submit timely Claims Forms, will be eligible to receive Individual Special Damages Award.

b.    The Defendant will be responsible for the payment of the Special Master's fee up to $5,600. Class Counsel will be responsible for any portion of the Special Master's fee exceeding $5,600.

c.    Individual Special Damages Awards shall be paid from the Settlement Fund.

        i.    An amount of **$200,000.00** total will be deposited into the Settlement Fund to pay for any and all special damages awards approved by the Special Master and ordered by the Court;

        ii.    The aggregate total of all special damages awards to be made is limited to no more than **$200,000.00** total.

39.    This Agreement is not conditioned upon any minimum or maximum Attorneys' Fee award, or upon payment of any maximum or minimum Incentive Award.

40.     The Claims Administrator shall mail payments to identified and located Class Members by first class U.S. Mail within thirty (30) days of Defendant's payment to the Settlement Fund.

a.      In the event a mailing is returned as "undeliverable" and a forwarding address is provided by the Post Office, the Claims Administrator will update the address in their database and re-mail the mailing to the address provided by the Post Office. In the event a mailing is returned as "undeliverable" and a forwarding address is not provided by the Post Office, the Claims Administrator will make reasonable efforts to locate the Class Member in order to locate a valid mailing address. Class Counsel will also be provided an opportunity to locate the missing Class Member.

b.      Within 30 days of the Claims Administrator mailing checks or remailing settlement funds, if the settlement check or check for remailed funds was returned undeliverable, the Claims Administrator will notify Class Counsel of the unlocated Class Member's name and the address to where the check(s) was mailed (or remailed).

c.      When a settlement check, or check for remailed settlement funds has not been cashed nor deposited or within 30 days of its mailing, the Claims Administrator will notify Class Counsel, within 30 days of the mailing or remailing, of the applicable Class Member's name and the address to which the mailed check or check for remailed settlement funds was sent.

41.     The Claims Administrator shall indicate on the face of all issued checks that checks are void after ninety (90) days of issuance.   In the event that settlement checks are not cashed or deposited within the 120 day Claims Period then those funds will revert back to the Defendant.

42.	The Claims Administrator shall file a final report with the Court within sixty (60) days after the conclusion of all distributions from the Settlement Fund.

43.	The Claims Administrator shall pay Individual Special Damages as determined by the Special Master, within thirty (30) days of the Court approving the Special Master's determination of the Special Damages Claimant's Awards.

44.	The Claims Period shall not exceed 120 days, beginning when the Claims Administrator sends the first Notice to Class Members.

## X.  EFFECTIVE DATE

45.	The "Effective Date" of this Agreement is the date on which all of the following conditions are met:

> a.	This Agreement is fully executed by all Parties, Class Counsel, and Defendant's Counsel;
>
> b.	A Preliminary Approval Order is entered by the Court, and an Order is entered approving the Parties' form of Notice and Claim form, all as provided in this Agreement;
>
> c.	The Court-approved Notice is duly promulgated as ordered by the Court;
>
> d.	The Court enters a Final Approval Order, finally approving this Agreement; and
>
> e.	The Final Approval Order has become Final.

46.	The Parties may destroy any documents related to the Notice and administration of this Agreement no earlier than eighteen (18) months after the Effective Date of this Agreement.

## IX.  PRELIMINARY APPROVAL

47.      Upon execution of this Agreement, the Parties shall promptly move the Court to enter a Preliminary Approval Order, without material alteration from the Parties' proposed Preliminary Approval Order attached hereto as Exhibit "C" which provides as follows:

a.  Preliminary approval of this Agreement;

b.  Schedules a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be granted final approval by the Court;

c.  Finds this Agreement to be sufficiently fair to warrant providing notice to the Settlement Class;

d.  Approves the Mailed Notice without material alteration from Exhibit "A" hereto;

e.  Approves the Published Notice without material alteration from Exhibit "B" hereto, and directs it be published in accordance with the Notice Plan, as set forth in Paragraph 17 of this Agreement;

f.  Determines the Mailed Notice and Published Notice (collectively "Notice") i) is the best practicable notice; ii) is reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action and of their right to object to this Agreement; iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and iv) meets all applicable requirements of due process and federal law;

g.  Requires proof of mailing of Mailed Notice be filed by Claims
    Administrator at or before date of the Fairness Hearing;

h.  Directs the Claims Administrator to maintain a telephone system to
    answer questions from the Named Plaintiff and Class Members;

i.  Requires objections by Class Members, whether independently or by
    counsel, be made as set forth in Paragraphs 20 – 21 of this Agreement.

j.  Contains any additional provisions agreed to by the Parties which are
    necessary to implement this Agreement.

k.  Appoints **Rust Consulting** as Claims Administrator for the Class.

**XII.  FINAL APPROVAL, DISMISSAL OF CLAIMS, AND RELEASES**

48.    **Final Approval & Dismissal**.  If, following the Fairness Hearing, the Court

grants final approval of this Agreement (including any modifications made by the Parties as

provided for herein), the Parties request the Court enter a Final Approval Order, in

substantially the same form as the Parties' proposed Final Approval Order attached hereto

as Exhibit "D" which provides in part:

a.  Finds the Court has personal jurisdiction over all Class Members and
    subject matter jurisdiction to approve this Agreement and all Exhibits
    hereto;

b.  Finds this Agreement fair, reasonable, and adequate, and in the best
    interest of, the Named Plaintiff and the Settlement Class, and in
    compliance with all requirements of due process and federal law;

c.  Grants final approval to the settlement of this Action as set forth in this
    Agreement;

23

d.  Directs the Parties, Class Counsel, and Defense Counsel to consummate, implement, and administer this Agreement in accordance with its terms;

e.  Declares this Agreement and the Final Approval Order to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Named Plaintiff and the Settlement Class, as well as their heirs, representatives, executors and administrators, successors, and assigns;

f.  Finds the Mailed Notice, Published Notice and Notice Plan set forth in this Agreement is the best practicable notice; ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object to this Agreement and appear at the Fairness Hearing; iii.) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and iv) meets all applicable requirements of due process and federal law.

g.  Finds that Named Plaintiff and Class Counsel adequately represent the Settlement Class for the purpose of consummating, implementing, and administering this Agreement;

h.  Finds the Parties' Agreed to Claims Administrator **Rust Consulting** meets all the requirements of the Court as set forth in the Preliminary Approval Order and this Agreement;

i.  Dismisses this Action, including all individual and class claims presented therein, on the merits as to the Defendant and other Releasees,

24

with prejudice, and without fees or costs except as expressly provided herein;

j.  Retains, by consent of the Parties, jurisdiction solely for the purpose of enforcing the terms of this Agreement;

k.  Adjudges the Named Plaintiff and Settlement Class have conclusively compromised, settled, discharged, dismissed, and released any and all claims against Defendant and other Releasees;

l.  Approves the payment of the Attorneys' Fee Award to Class Counsel and the payment of the Incentive Award to the Named Plaintiff as set forth in this Agreement;

m. Bars, upon the Effective Date, the Named Plaintiff and Settlement Class from asserting any Released Claims against Defendant and the other Releasees;

n.  Bars Class Members from: Filing, commencing, prosecuting, intervening, or participating in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action in, or the facts and circumstances relating to, this Action or the Released Claims (as defined herein);

o.  Bars Class Members from Organizing Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action in, or the facts and circumstances relating to, this Action or the Released Claims (as defined herein).

p. Authorizes the Parties, without further approval from the Court, to consummate and adopt such amendments, modifications, and expansions of this Agreement, and all Exhibits hereto, only if: i) Agreed upon by all parties; ii) Consistent in all material respects with the Final Approval Order; and ii) The rights of Class Members are not limited.

q. Will approve the opt out of any individual that timely and properly requested exclusion from the Settlement Class and who accordingly shall neither share in nor be bound by the Final Order and Judgment.

49. **Release**.  The claims released by the Named Plaintiff and Settlement Class ("Released Claims") are as follows:

a. **Named Plaintiff Release**.  As consideration for this Agreement, and upon the Effective Date, the Named Plaintiff Mark Long, individually and in his representative capacity as Class Representative, including all agents, representatives, attorneys, heirs, successors, assigns, and any other person acting on his behalf or for his benefit, hereby releases and discharges Releasees from all claims, demands, debts, obligations, lawsuits, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts, expenses and liabilities which Named Plaintiff now has or had any time prior to and through the date of this release arising out of or related to the allegations set forth in this Action and contained in the Complaint in this Action.

b. **Settlement Class Release**.   As consideration for this Agreement, and upon the Effective Date, all Class Members, including all agents,

representatives, attorneys, heirs, assigns, and successors and any other person acting on their behalf or for their benefit, hereby release and discharge Releasees from all claims, demands, debts, obligations, lawsuits, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts, and liabilities which all Class Members now have or had any time prior to and through the date of this release arising out of or related to the allegations set forth in this Action and contained in the Complaint in this Action.

50. No term in this Agreement shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed herein.

51. Releasors, and Releasors' Counsel of Record for the consideration set forth in this Release Agreement, further agrees to satisfy any and all liens or claims against the proceeds of this Agreement, specifically including, but not limited to, any lien, claim or conditional payment reimbursement demand asserted by or on behalf of Medicare or any entity claiming any right of reimbursement under the Medicare Secondary Payer Act. Releasors further agree to hold harmless, indemnify and defend Releasee from any claims arising from the failure of Releasors to satisfy any such liens, claims, and/or Medicare conditional payment reimbursement demands. These obligations include Releasors' payment and/or reimbursement of any and all reasonable attorney's fees and expenses incurred by Releasee in connection with the failure of Releasors to satisfy any such liens, claims, and/or Medicare conditional payment reimbursement demands.

52. Releasors also agree to hold harmless, indemnify, and defend Releasee with respect to any and all other claims that may be presented by Releasors, Medicare, and/or any other

party acting on Releasors' or Medicare's behalf, including, but not limited to, administrative or civil fines, penalties, and interest, as well as any damages that arise out of, result from, and/or occur as a consequence of any adverse administrative or legal actions, up to and including the loss of Releasors' future Medicare benefits and/or Medicare eligibility. These obligations include Releasors' payment and/or reimbursement of any and all reasonable attorney's fees and expenses incurred by Releasee in connection with the failure of Releasors to perform these obligations.  It will be the sole responsibility of the Defendant to take reasonable steps to determine, identify and confirm the absence of, and/or status of any Medicare liens asserted against any class member pertaining to the Class Member(s) settlement award.  The failure of Releasees to take all reasonable steps to identify and determine the existence or absence of Medicare liens will relieve the Releasors of their obligations to hold Releasees harmless, indemnify, or defend Releasee with respect to any Medicare liens asserted against Releasors' settlement fund awards.

## XII.   WITHDRAWAL FROM SETTLEMENT

53. Within fifteen (15) days of the occurrence of any of the following events, and upon written notice to Class Counsel and Defense Counsel, any Party may withdraw from this Agreement if:

    a.  The Court fails to approve this Agreement or, on appeal, the Court's approval is reversed or modified;

    b.  The Court materially alters any of the terms of the Agreement; or

    c.  The Preliminary Approval Order or the Final Approval Order is not entered by the Court, is reversed or modified on appeal, or otherwise fails.

54. If this Agreement is not approved by the Court or otherwise fails to become effective, then:

    a.   The orders, judgment, and dismissal to be entered pursuant to this Agreement shall be vacated;

    b.   This Agreement shall have no further force and effect;

    c.   The Parties will be returned to the *status quo ante* with respect to this Action as if this Agreement had never been entered into, including the return of any prior payments made by Defendant;

    d.   The Named Plaintiff shall be entitled to continue this Action on behalf of the Settlement Class in accordance with the rulings, circumstances, and procedural posture that existed in this Action on the date of the Preliminary Approval Order; and

    e.   Defendant shall retain all rights to continue its defense to this Action and to assert claims in accordance with the rulings, circumstances, and procedural posture that existed in this Action on the date of the Preliminary Approval Order.

## XIV.  ACKNOWLEDGMENTS, REPRESENTATIONS AND WARRANTIES

55. The Parties, Class Counsel, and Defense Counsel acknowledge that a stipulation of liability was entered into and filed by the Parties, establishing there is sufficient evidence in this case to establish the existence of a constitutionally inadequate custom at the Madison County Jail from January 13, 2015 to July 1, 2018, whereby certain individuals who were arrested without a warrant and booked into the Jail were or may have been held over 48 hours after their arrest in the absence of a

timely judicial probable cause determination and/or other timely judicial order for their continued detention, and that said constitutionally inadequate custom was the cause of the Fourth Amendment violations suffered by the Plaintiff and the class members.

56. The Parties, Class Counsel, and Defense Counsel acknowledge the Plaintiff is a prevailing party pursuant to 42 U.S.C. §§ 1983 and 1988, and the Plaintiff met the standard for prevailing-party status set forth in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598 (2001). Attorneys' fees shall be subject to Court review for reasonableness and will be determined at a later date.

57. Although premised upon a finding of a constitutionally inadequate custom of the Defendant, settlement of this Action is not an admission of damages suffered by the Named Plaintiff or Class Members.

58. The Parties, Class Counsel, and Defense Counsel acknowledge settlement of this Action is made to avoid the uncertainty of the outcome of litigation, the expense of further litigation, and for judicial economy.

59. The Named Plaintiff, Class Members, and Class Counsel agree not to use the settlement of this Action or Defendant's liability stipulation against the Defendant in this or any other proceeding (excepting any actions to enforce this agreement).

60. The Parties warrant the following:

    a.  Parties are executing this Agreement freely and voluntarily;

    b.  The provisions of this Agreement are of material benefit to the Parties;

    c.  The duties and obligations imposed by this Agreement are fair and reasonable;

     d.  The Parties have read and fully understand the terms and conditions of this Agreement;

     e.  The Parties fully appreciate the benefits and consequences of entering into this Agreement;

  f.  The Parties reviewed the terms of this Agreement with their respective counsel;

  g.  The Parties were not induced to execute this Agreement in reliance on any warranty or representation, express or implied, by any Party, other than the warranties and representations expressly made in this Agreement.

## XV.  MISCELLANEOUS

61. **Governing Law**.  This Agreement shall be governed by the laws of the State of Indiana.

62. **Construction**.

  a.  This Agreement shall not be construed more strictly against one Party than another Party.

  b.  This Agreement is the result of an arm's length negotiation and all Parties have contributed substantially and materially to the preparation of this Agreement.

  c.  The headings and captions contained in this Agreement are only for reference and shall not be deemed to define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

  d.  This Agreement shall not be construed to prevent Defendant from communicating by any medium with Class Members in the ordinary course of business.

63. **Execution**.

    a.  The Parties shall execute all documents and perform all tasks reasonably necessary and proper to effectuate the terms of this Agreement prior to the Fairness Hearing.

    b.  The Parties shall reasonably cooperate in the submission of this Agreement to the Court and will recommend acceptance of this Agreement by all necessary parties.

    c.  The Parties shall reasonably cooperate in all other actions required by the Court for the implementation and administration of this Agreement.

64. **Party Notices**.

    a.  All documents, papers, and notices required by this Agreement to be provided to Named Plaintiff, the Settlement Class, or Class Counsel, shall be provided to:

> **Christopher C. Myers**
> **Ilene M. Smith**
> **Christopher C. Myers & Associates**
> **809 S. Calhoun St., Ste. 400**
> **Fort Wayne, IN  46802**

    b.  All documents, papers, and notices required by this Agreement to be provided to Defendant, or Defense Counsel, shall be provided to:

> **Casey Stansbury**
> **Curt Graham**
> **Freeman, Mathis & Gary, LLP**
> **2525 Harrodsburg Road, Suite 500**
> **Lexington KY  40504**

65. **Integration**.  Except as expressly provided herein, this Agreement constitutes the entire settlement and release agreement between the Parties, and it supersedes all prior and contemporaneous written and oral agreements between the Parties.  All negotiations, discussions, prior understandings and agreements between the Parties regarding this

Action are hereby merged into this Agreement.  This Agreement fully, completely, and accurately states the Parties' settlement and release agreement.

66. **Modifications and Amendments**.  This Agreement may be modified only upon a writing signed by the Parties, Class Counsel, and Defense Counsel.  If there are any issues concerning the implementation and administration of this Agreement not expressly addressed by the terms herein, then the Parties, Class Counsel, and Defense Counsel shall amend this Agreement, in a signed writing, to address such issues, and shall seek an order by the Court approving such amendments.

67. **Attorneys' Fees**.  Except as expressly provided herein, the Parties are responsible for negotiation and payment of their own attorneys' fees and costs.  Class Counsel shall not seek, or receive, a total award of attorneys' costs and fees beyond forty percent (40%) of the Settlement Fund, or the total hourly lodestar amount, whichever is the greater, as provided for in the Fee Agreement. Any award of attorneys' fees will be subject to Court review, with the Defendant being given an opportunity to object and respond to Class Counsel's petition for attorney's fees.

68. **Deadline Dates**.  If any deadline date set forth in this Agreement falls on a Non-Business Day, then such deadline date shall be deemed to fall on the first Business Day thereafter.  Except as expressly provided herein, "days" in this Agreement shall be deemed in reference to calendar days.

69. **Counterparts**.  This Agreement may be executed in counterparts, each of which together shall be deemed one and the same instrument.  Facsimile and PDF signature copies are acceptable.

**For Named Plaintiff and the Settlement Class:**

_____

Mark Long


 **For the Defendant:**

_____,

Madison County Sheriff

**For Class Counsel:**


_____

Christopher C. Myers
Ilene M. Smith
**Christopher C. Myers & Associates**
809 S. Calhoun St., Ste. 400
Fort Wayne, IN  46802
Tel:  (260) 424-0600
*Counsel for Named Plaintiff and Settlement Class*


**For Defense Counsel:**


_____

Casey Stansbury
Curt Graham
**Freeman, Mathis & Gary, LLP**
2525 Harrodsburg Road, Suite 500
Lexington KY  40504
T: (859) 410-7855
*Counsel for Defendant*