**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARK A. LONG, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:17-CV-00142-SEB-MG ) |
| MADISON COUNTY SHERIFF (in his Official Capacity), | ) ) ) |
| Defendant. | ) ) |

**PRELIMINARY APPROVAL OF SETTLEMENT**

Upon review and consideration of the Settlement Agreement, and the Exhibits attached thereto (the "Settlement Agreement"), made and entered into on November 10, 2021, between the Named Plaintiff Mark Long in the above-captioned action (the "Class Representative"), individually and as representative of the Class as certified by this Order, and the Madison County Sheriff Scott Mellinger (in his official capacity) ("Defendant"),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Preliminary Approval of Settlement

1. This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order, and also incorporates Exhibits A-D of the Settlement Agreement. All terms defined therein shall have the same meaning in this Order.

2. The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the proposed Settlement Fund in the amount of $623,591.04 is within the range such that final

settlement approval may be appropriate to address Class Members' claims, following notice to the Class, and after consideration of any objections.

3. The Court preliminarily finds that the terms of the Settlement Agreement also provide for the payment of fees and costs anticipated to accrue from the Administration of the Class and Settlement, the determination of special damages claims by a Special Master, and payment of Class Counsel's fees and costs (upon approval of the Court).

4. The Court preliminarily finds that the terms of the Settlement Agreement are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interest of the Class as a whole, and that the terms of the Settlement Agreement appear to satisfy Federal Rule of Civil Procedure 23(e) and due process requirements.

<u>Deadlines for Notice, Filing Objections, and Date of Fairness Hearing</u>

5. The Court has set the following dates for purposes of this Class Action:

    a. Filing of Plaintiffs' Motion for Award of Attorney's Fees and Costs: must be filed by January 10, 2022;

    b. Filing of Class Member objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorney's Fees and Costs), must be received by Class Counsel and/or the Claims Administrator, and post marked no later than thirty (30) days of the post marked date of the Mailed Notice; and

    c. The Fairness Hearing is February 25, 2022 at 10:15 a.m. in Rm 216, U.S. Courthouse.

6. In the event the Class Notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred by the number of additional days before such notice occurs without the need for additional Court approval.   However,

the Court must approve any change of the date of the Final Approval Hearing.

Certification of Over-Detention Class

7. The Court has previously certified an over-detention class. With regard to monetary relief, the following Class was certified under Fed. R. Civ. P. 23(b)(3):

> **All persons who were arrested without a warrant between January 13, 2015 and July 1, 2018, and detained in the Madison County Jail for more than 48 hours, without a judicial determination that probable cause existed to continue to detain them for the offense for which they were arrested, or without any other valid reason to hold the arrestees for more than 48 hours, including but not limited to a warrant or hold from another jurisdiction, except any person for whom a bona fide emergency or other extraordinary circumstance prevented Defendant from providing a prompt probable cause review.**

8. There are two (2) sub-groups of Class Members:

    a. **Class I:** The Named Plaintiff, as well as all putative class members, for their loss of liberty; and

    b. **Class II:** Those class members who submit a timely Claim Form to Class Counsel with respect to emotional distress, mental anguish, loss of employment/wages, or other special damages above and beyond their simple loss of liberty.

Class-Wide Prospective Relief

9. As a result of this class action lawsuit, the Madison County Sheriff brought the customs and procedures in effect at the Madison County Jail into conformance with federal constitutional standards as set forth in *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S.C. 44 (1991), with regard to the detention of prisoners arrested without a warrant who have not received a judicial probable cause determination. To that end, the Sheriff has implemented a new "Protocol" as a result of this lawsuit. The Court further approves the parties' Stipulation of liability.

Class Representative

10. The Class Representative for the Class is confirmed as Mark Long.

Class Counsel

11. Christopher C. Myers and Ilene M. Smith are hereby confirmed as Class Counsel for the Class Representatives and the Class. The contact information for Class Counsel is: Christopher C. Myers & Associates, 809 South Calhoun Street, Suite 400, Fort Wayne, Indiana 46802, Telephone (260) 424-0600, Facsimile (260) 424-0712.

12. Pursuant to Fed. R. Civ. P. 23, the Court considered the following points in appointing Class Counsel: i) the work counsel have done in identifying and investigating potential claims in the action; ii) counsels' experience in handling civil rights actions and other similar class actions; iii) counsels' knowledge of the applicable law; iv) the resources counsel committed to representing the Class; as well as other matters pertinent to counsels' ability to fairly and adequately represent the interests of the Class. The Court finds that Plaintiffs' counsel have done extensive research in this case, including investigating the law enforcement records of agencies in Madison County to determine the identity of the individuals who were over-detained and to determine the length of the putative class members' over-detention. Plaintiffs' counsel are competent to represent the members of the Class.

13. Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

14. Class Counsel will make an application for attorney's fees and costs to be paid on behalf of the Defendant. Litigation costs and the costs of the Notice of Class and Settlement, and Administration shall constitute a cost separate from attorney's fees. The amount of attorney's fees and costs to be awarded to Class Counsel will be determined by the Court.

Claims Administrator

15. The Claims Administrator for the Class is hereby confirmed as Rust Consulting. The Defendant shall pay to the Claims Administrator the cost of preparing, publishing, and serving the Notice of Class and Settlement, as well as the other expenses related to the publication, mailing and distribution of the Notice to the Class Members, and mailing and service of settlement disbursement checks to Class Members. It is estimated the costs of administering the Class will be approximately $55,329.00 to be paid to the Claims Administrator by the Defendant. The necessary funds shall be paid to the Claims Administrator no later than January 10, 2022, and supplemented in the event the Claims Administrator provides an appropriate and reasonable supplemental invoice.

Special Master and Special Damages Awards

16. The parties have agreed to utilize a Special Master to review and determine what, if anything, will awarded to Class Members who timely submit a special damages claim to class counsel. The Court appoints C. Erik Chickedantz as Special Master.

17. Costs and expenses of the Special Master are to be paid by the Defendant to the Special Master, but capped at $5,600.00.

18. A Class Member may be considered for a Special Damages Award if they properly

complete and timely submit a Claim Form to Class Counsel.

19. A timely submitted Claim Form for special damages is one in which the Class member has mailed or faxed the completed Claim Form to Class Counsel within thirty (30) days of the post-marked date of the Mailed Notice, and at least thirty (30) days before the Fairness Hearing. Special Damages Claims that fail to be submitted on a timely basis will not be considered.

The Fairness Hearing

20. A Final Approval Hearing, also known as a "Fairness Hearing", shall be held on February 25, 2022 at 10:15 in Rm 216, U.S. Courthouse to consider: i) the fairness, reasonableness, and adequacy of the settlement; ii) whether the parties' proposed Final Order of Approval of Settlement, shall be entered in its current or some modified form;   iii) the application of Class Counsel for attorney's fees and costs (the "Fee Petition"); and iv) what if any incentive award is to be issued to Plaintiff Mark Long for his participation as Class Representative in this lawsuit.

21. The final approval hearing shall occur at least 90 days after the notice required under the Class Action Fairness Act (CAFA) is provided.

22. The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice, but shall be subject to continuance by the Court without further notice to the Class Members other than that which may be posted at the Court.

23. Objections:   Any Class Member who objects to the approval of the Settlement Agreement, the Fee Petition, the Named Plaintiff's Incentive Awards, or the Distribution and Allocation Plan, may appear at the Fairness Hearing and show cause why those

6

documents should not be approved as fair, reasonable, and/or adequate, and why the Final Order of Approval of Settlement should not be entered, provided that they submitted timely written notice to Class Counsel of their intention to appear and to object. Final determination of whether any such objector is a Class Member who has standing to object shall be determined solely by the Defendant's records (including the Madison County Sheriff's records as supplemented by other arresting agencies' records and records from courts within Madison County). In the absence of the timely service of the written notice of the intention to object, and which provides all other information and materials required by this paragraph, any objection shall be deemed untimely and denied.

24. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant, or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon Final Approval.

25. In the event of Final Approval of the Settlement Agreement, all Class Members shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

Other Provisions

26. **Special Damages Claims and Claim Forms:**
    a. The Court approves the Claim form submitted by the Parties.
    b. Class Members' Special Damages Claims will be considered if the Class Member

    completed, signed, and returned a timely Claim form to Class Counsel.

    c. Timely Claim forms are those received by Class Counsel within 30 days after the post marked date of the Mailed Notice of Class Action and Settlement, and no later than 30 days prior to the Fairness Hearing.

    d. Special damages claims submitted in any other manner, or that were not received by Class Counsel within this time frame will be considered untimely, and will not be considered.

27. **Opt-Outs and Opt-Out Forms:**

    a. The Court approves the Opt-Out Form submitted by the parties.

    b. Class members wishing to opt-out of the Class Settlement must complete and return a signed, timely Opt-Out form to Class Counsel;

    c. Timely Opt-Outs notifications are those that are received by Class Counsel within 30 days of the post marked date of the Mailed Notice of Class Action and Settlement, and no later than 30 days prior to the Fairness Hearing.

    d. Class Members' notifications of intent to opt-out, which are submitted in any other manner, or that are not received by Class Counsel within the above time frame, will not be considered.

28. **Petition for Attorney Fees and Costs:** Class counsel have up to and through January 10, 2022 to file an Interim Petition for Attorney Fees and Costs. A Final Petition for Attorney Fees and Costs may be later filed, by seven days prior to the Fairness Hearing.

29. **Objections to the Settlement:**

In order to object to the fairness, reasonableness, or adequacy of this Agreement, or any term herein:

    a. Class Members shall mail or fax the objection to Class Counsel and the Claims Administrator, no later than thirty (30) days after the postmarked date of the Mailed Notice and at least thirty (30) days prior to the Final Approval Hearing; or

    b. If an attorney is hired by a Class Member, at the Class Member's expense, for the purpose of objecting to this Agreement, or any term herein, then such attorney shall mail or fax the objection to Class Counsel and Claims Administrator no later than thirty (30) days after the postmarked date of Mailed Notice and at least thirty (30) days prior to the Final Approval Hearing.

    c. Objections must include:

        i. A heading that refers to the Action by case name (*Mark Long v. Madison County Sheriff*) and case number (1:17-CV-142-SEB-MG);

        ii. Information demonstrating the objector is a Class Member, specifically the objector's:

            1. Name;

            2. Address;

            3. Date(s) of arrest(s) that fall within the class period (to the extent that are known by the objector);

            4. Date of birth; and

            5. Last four digits of the objector's Social Security Number.

      iii. A statement whether the objector intends to appear at the Fairness Hearing and whether the objector intends to make a statement at the Fairness Hearing (such appearances and statements may only be made by the objector or by objector's own counsel);

      iv. A statement identifying any counsel representing the objector (other than Class Counsel), specifically counsel's name, bar number, firm address, telephone number; and email address;

      v. A statement of the specific legal and factual basis for each objection;

      vi. A description of any and all evidence the objector may offer at the Final Approval Hearing; and

      vii. The objector's signature.

    d. If the objector fails to timely serve their objection to Class Counsel or the Claims Administrator within the time frame set forth above, and/or fails to provide all required information set forth above, then the objection shall be deemed untimely, waived, and denied.

30. In the event the Settlement is not finally approved, or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith, shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendant, and Class Members.

 

___11/10/2021___
Dated

                                       _Sarah Evans Barker_
                                       SARAH EVANS BARKER, JUDGE
                                       United States District Court
                                       Southern District of Indiana

Distribution to counsel of record via CM/ECF