**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARK A. LONG, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO. 1:17-CV-00142-SEB-MG |
| MADISON COUNTY SHERIFF (in his Official Capacity), ) ) ) | |
| Defendant. ) | |

# FINAL APPROVAL ORDER

This Lawsuit, pursuant to this Court's Preliminary Approval of Settlement Order dated November 10, 2021 (the "Preliminary Approval Order"), having come before the Court for a Fairness Hearing on May 16, 2022 to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of the Fairness Hearing having been published and given; and given that there are no timely objections to the proposed settlement set forth in the Settlement Agreement, and described in the Notice of Class and Settlement, and Class Members having been given an opportunity to present such objections to the Court.  The Court has considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at the Fairness hearing.  The Court finds good cause, and therefore the Court finds as follows:

    1.    Each term and phrase used in this Final Order and Judgment shall have the same definition and meaning as in the Settlement Agreement, as follows:

        a.  "Claims Administrator" – the firm [Rust Consulting], that was chosen by agreement of the parties and appointed by the Court to administer the claims process.

b. "Settlement Class" – All Class Members.

c. "Named Plaintiff" or "Class Representative" – The original Named Plaintiff in the Complaint.

d. "Claimant(s)" – Means a member of the Settlement Class.

e. "Settlement Fund" – The "Settlement Fund" means the sum total of moneys deposited by the Defendant to compensate the Named Plaintiff and Class Members, being $622,011.56, to address Class Members':

   i. <u>General Damages Awards</u> - the amount to be awarded to each Class Member for their loss of liberty during their applicable time spent being over-detained in the Madison County Jail; and

   ii. <u>Special Damages Awards</u> – the amount of additional compensation to be awarded to eligible Class Members for damages above and beyond simple loss of liberty.   The total potential award of Special Damages is capped at $200,000.00.

   iii. The Named Plaintiff's Incentive Award (above and beyond any general damages and special damages awards he may receive).

f. "Special Master" – The individual chosen by the Parties to review and determine what, if anything, should be awarded to each eligible Class Member for timely asserted Special Damages Claims.

g. "Special Master Fee Award"- Fees and costs granted to the Special Master by the Court for the Special Master's work reviewing and determining the value of each eligible Class Members' Special Damages Claim.   The Special Masters' Fee Award is capped at $5,600.00, and is to be paid by the Defendant to the Special Master.

h. "Attorneys' Fee Award" – The amount of attorney's fees and costs to Class Counsel.   Reasonable and necessary litigation fees and costs will be paid by the Defendant directly to Class Counsel and will be a separate payment above and beyond the funds the Defendant pays into the Settlement Fund.   The amount of Class Counsel's fees and costs to be paid by the Defendant will be determined by the Court upon Petition from Class Counsel.   The Defendant has reserved the right to review Class Counsel's Petition for Attorneys Fee Award and object if the Defendant so chooses.

i. "Defendant" – The Madison County Sheriff (in his official capacity).

j.  "Final Approval Hearing" – The final hearing on the fairness of this settlement in the District Court, at which the Court will determine whether to approve it, also known as the "Fairness Hearing".

k.  "Named Plaintiff Incentive Award" – The amount of the Settlement Fund to be distributed to the Named Plaintiff Mark Long above and beyond his damages claims, for his participation in the case as Class Representative.

l.  "Plaintiffs" – As used in this Order, the term "Plaintiffs" refers to all class members who did not previously and timely opt-out.

m.  "Preliminary Approval Order" — The Order following the Parties' submission of the Settlement Agreement to the Court but prior to the Fairness Hearing, at which the Court will grant initial approval of the Settlement Agreement.

n.  "Final Order and Judgment" — The Order following the Parties' submission of the Settlement Agreement to the Court but after the Fairness Hearing, in which the District Court will grant final approval of the Settlement Agreement.

o.  "Plaintiff's Counsel," "Counsel for Plaintiff," or "Class Counsel" — The counsel of record for the Named Plaintiff and Plaintiffs' Class.   They are Christopher C. Myers and Ilene M. Smith, Attorneys at Law of Christopher C. Myers & Associates.

p.  "Counsel for the Parties" – Counsel for the Plaintiff and counsel for the Defendant, Casey Stansbury and Curt Graham of Freeman, Mathis & Gary LLP.

## FINDINGS

### General Findings

2.  This Court has jurisdiction over this lawsuit and all of the parties to it.

3.  The Court has previously certified an over-detention Class under Fed. R. Civ. P. 23(b)(3).  With regard to monetary relief, the class is certified under Fed. R. Civ. P. 23(b)(3), as:

All persons who were arrested without a warrant between January 13, 2015 nd July 1, 2018, and detained in the Madison County Jail for more than 48 hours, without a judicial determination that

probable cause existed to continue to detain them for the offense for which they were arrested, or without any other valid reason to hold the arrestees for more than forty-eight hours, including but not limited to a warrant or hold from another jurisdiction, except any person for whom a bona fide emergency or other extraordinary circumstance prevented Defendant from providing a prompt probable cause review.

4. The Settlement Class comprises two subclasses:

   a. **Class I** – The Named Plaintiff and all class members who suffered a loss of liberty as a result of being over-detained in violation of *Gerstein v. Riverside*.

   b. **Class II** – The individual class members who timely submitted Claim Forms with respect to alleged emotional distress, mental anguish, loss of income/wages, or other special damages.

5. The class representative for the Settlement Class is Named Plaintiff Mark Long.

Class Counsel

6. Class Counsel for Named Plaintiff and the Settlement Class is Christopher C. Myers and Ilene M. Smith, of the firm Myers Smith Wallace LLP, (previously named Christopher C. Myers & Associates). Christopher C. Myers and Ilene M. Smith are hereby confirmed as Class Counsel for the Class Representatives and the Class.

7. Pursuant of Fed. R. Civ. P. 23, the Court considered the following points in appointing Class Counsel: i) the work counsel has done in identifying and investigating potential claims in the action; ii) counsels' experience in handling civil rights actions and other similar class actions; iii) counsels' knowledge of the applicable law; iv) the resources counsel have committed to representing the Class; as well as other matters pertinent to counsels' ability to fairly and adequately represent the interests of the Class.   The Court finds that Plaintiff's counsel has done

4

extensive research in this case, including investigating the law enforcement records of agencies in Madison County to determine the identity of the individuals who were over-detained and to determine the length of the putative class members' over-detention. Plaintiff's counsel is competent to represent the members of the Class.

8. Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

Notice

2. As required by this Court in its Preliminary Approval Order:

   (a) Plaintiffs' Counsel's filed a Petition for an Interim Attorney Fee Award on January 7, 2022, and a Petition for Final Fee Award was filed on May 13, 2022.
   The Notice of Class Action and Class Settlement was mailed to all Class Members and/or their representatives, whose addresses could be obtained with reasonable diligence, and also to all Class Members who requested a copy, as set forth in the declaration of the Claims Administrator;

   (b) The Notice of Class Action and Class Settlement was published on Saturday, March 12, 2022 in the Anderson Indiana newspaper the *Herald Bulletin*, and on Sunday, March 13, 2022 in the Indianapolis Indiana newspaper the *Indianapolis Star*, as set forth in the declaration of the Claims Administrator;

   (c) All reasonable and practical steps were taken to locate and serve the Notice of Class Action and Class Settlement to Class Members, as set forth in the declarations of the Claims Administrator and Class Counsel.

      i. When a Class Member's mailed Notices was returned to the Claims Administrator as undelivered, the names and last known address of the Class Member was provided to Class Counsel;

      ii. Class Counsel then performed internet searches for updated and/or alternate addresses for the missing class members, using data bases including doxpop.com, mycase.com, the Indiana Department of Corrections inmate search page, and the Madison County Jail web site. When new contact information was located for a class member, it was then provided to Defense Counsel and the Claims Administrator;

The Claims Administrator then remailed the Notices of Class and Settlement, with attached Opt-Out and Claim Forms to the new addresses located by Class Counsel.

(d) The Final Approval Hearing was held on May 16, 2022.

10. The notice given to the Class is hereby determined to be fully in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, it is found to be the best notice practicable under the circumstances, and it is found to constitute due and sufficient notice to all parties entitled thereto.

11. It is found that due and adequate notice of the proceedings has been given to the Class and a full opportunity has been offered to the Class to participate in the hearing. The Court therefore determines that all Class Members (other than for anyone who previously and timely opted out of the settlement) are bound by this Final Order of Approval of Settlement.

<u>Objections</u>

12. There have been zero objections to the settlement, and/or the Interim Petition for an award of attorney's fees filed (with the exception of Defendant's opposition to the Petitions for Interim Fee Award and Petition for Final Fee Award).

13. Fairness, Reasonableness and Adequacy of Settlement. The settlement, amount is fair, reasonable, and adequate. The Settlement Agreement provides for a maximum of $417,011.76 to compensate class members for general loss of liberty damages, at a rate of $28.00 per hour for their *Gerstein* over-detention time. The Agreement provides for up to an additional $200,000.00 with which to compensate eligible class members for additional special damages claims. The Agreement provides for an incentive award of $5,000.00 to the named Plaintiff/Class Representative Mark Long. The Agreement also provides for the payment of the Claims Administrator's fees and costs for administering the class, along with payment of a Special Master for the determination of the amount of any special damages awards to be given. The Settlement Agreement further provides for the payment of and award of attorney fees and costs to Class Counsel (in an amount to be determined by and approved by the Court), by the Defendant and not the Class.

14. The settlement of this Lawsuit was not the product of collusion between Plaintiffs and Defendant or their respective counsel, but rather was the result of bona fide and arms'-length negotiation conducted in good faith by the Parties.

15. The Settlement Agreement and the settlement set forth therein constitute a fair, reasonable, and adequate settlement in the best interest of the Settlement Class as a whole, and the terms of the Agreement satisfy Federal Rule of Civil Procedure 23 and due process requirements.

16.     The named Plaintiff Mark Long adequately represents the Settlement Class for the purpose of consummating and implementing the Agreement.

Opt-Outs

17.     There was one (1) Class Member that submitted an Opt- Out form, Daniel Johnson, and his submission of his Opt-Out form was timely.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## APPROVAL OF SETTLEMENT TERMS AND AMOUNT

18.     The monetary relief provided under the Settlement Agreement fairly, reasonably, and adequately compensates Class Members for all alleged rights violations, all claims and any other incidents of incarceration, of Class Members that were, or could have been brought in this Action under any theory of liability related to the alleged unlawful *Gerstein* over-detentions.

19.     The Court Approves the incentive award of $5,000.00 to be paid to the Named Plaintiff/Class Representative, as such an award is reasonable in light of the time and effort he expended in pursuing the litigation.

Payment by the Madison County Sheriff

29. As set forth in more detail in the Settlement Agreement, as full and final settlement of this lawsuit, the Madison County Sheriff agreed to pay a total of $ $417,011.76 to compensate identified and located class members at a rate of 28.00 per hour for general loss of liberty damages.  The Defendant will also deposit an additional $200,000.00 into the Settlement Fund to compensate class members for timely submitted special damages claims with the amount of said award to be determined by the Special Master, subject to approval of the Court.   The Defendant has additionally agreed:

      a) To pay the Claims Administrators' Fees and Costs for administering the Class;

      b) To pay the Special Master's Fees and Costs, capped at $5,600.00;

      c) To pay to Class Counsel the Attorney Fee Award(s) granted by the Court to Class Counsel for their reasonable and necessary accrued fees and costs in this case (after the Defendant has had an opportunity to object), in the amount determined by the Court;

Class Counsel and the Defendant have further agreed that:

      (a) The aggregate amount of all Special Damages awards is limited to a maximum of $200,000.00 total; and that

      b) The following funds shall revert back to the Defendant at the close of the Claims Administration Period: (i) Any general damages awards that cannot be served due to unlocatable Class Members; and (ii) any portion of the $200,000.00 of the Settlement Fund that was set aside to pay Special Damages Claims but that were not awarded as Special Damages Awards.

21. Within thirty (30) days of the entry of this Order if no appeals are taken, or within forty-five (45) days of the exhaustion of any appeals, the Madison County Sheriff will deposit with the Claims Administrator the sum of $622,011.56 ("the Settlement Fund"). How the funds will be used and allocated is addressed below and in the Settlement Agreement.   The first round of distribution of settlement funds shall begin within thirty (30) days of the effective date of this Order.

22. If an appeal is filed and as a result, and the settlement is not ultimately approved, then the case shall revert to active litigation, and the Madison County Sheriff shall

9

      have no responsibility to pay any Settlement Funds not previously paid for the costs of class notice, related administrative expenses, or the interim award of fees and costs.

23. The Named Plaintiff, Mark Long, will be paid a $5,000.00 Incentive Award.

24. The fees and costs of the Class Administrator are the sole responsibility of the Defendant, and are to be paid directly to the Claims Administrator by the Defendant, but not from the Settlement Fund. The total fees and costs anticipated to be charged by the Class Administrator by the conclusion of the final distribution of damages awards to Class members are estimated to be $55,329.00.25. The fees and costs of the Special Master are to be paid directly to the Special Master by the Defendant, and not from the Settlement Fund. They are to be limited to no more than $5,600.00 total. The Settlement Fund will be distributed to the Class Members and the Class Representative as follows:

    a. <u>Class I</u> Plaintiffs, includes all Class Members, for their general damage claims for "loss of liberty" only. Each individual Class I Member's general damages award will be calculated at rate of $28.00 per hour, multiplied by the individual Class Member's number of hours (and fraction of an hour where applicable) spent as a *Gerstein* over-detainee in the Madison County Jail.

    b. <u>Class II</u> Plaintiffs may be entitled to "special damages" in addition to the "loss of liberty" damages set forth above. These Class II Plaintiffs may receive extra compensation in consideration for their provable "special damages," in an amount to be determined by a Special Master and approved by the Court.

    c. The Class Representative will receive an incentive award of $5,000.00 for his service as Class Representative, which is in addition to any other award he receives as a Class I and/or Class II Plaintiff.

25. The Class Administrator shall use their best efforts to ensure that distribution of the settlement awards will occur in such a way that no residual amount of the Settlement Fund

10

set aside for payment of general damages awards will remain following a final distribution of settlement funds.

    a. The Claims Administrator will provide prompt notification to Class Counsel of the names of those Class Members' whose checks were returned undeliverable, and those whose checks failed to be cashed within 30 days of the mailing of the checks, and will notify Class Counsel of where the checks were unsuccessfully sent, and otherwise provide any additional information learned relating to the incorrect addresses.

    b. Class Counsel will then be given an opportunity to take additional steps to attempt to locate the missing Class Member(s) so that their damages award check or checks can be successfully served.

    c. Thereafter, if the missing Class Member(s) still cannot be located by either the Claims Administrator or Class Counsel and served their damages award check(s) or otherwise fail to cash their settlement check within 90 days of the mailing of their original check's mailing, then any general damages funds that remain as a result of still being unable to locate a Class Member will revert back to the Defendant.

    26.    Up to $200,000.00 of the total settlement fund will be reserved for payment of Special Damages Claims that were timely asserted by Class II Plaintiffs.   After payment of all proper and timely submitted Special Damages Awards, any remainder of that $200,000.00 will revert back to the Defendant.

    a. The Claims Administrator will provide prompt notification to Class Counsel of the names of those Class Members' whose checks were returned undeliverable, and those whose checks failed to be cashed within 90 days of the mailing of the checks; with that

11

notification to Class Counsel, the Claims Administrator will also provide the addresses where the checks were unsuccessfully sent, and otherwise provide any additional information learned relating to the incorrect addresses.

b. Class Counsel will then be given an opportunity to take additional steps to locate the missing Class Member(s) so that their damages award check or checks can be successfully served.

c. Thereafter, any special damages funds still remaining as a result of being unable to locate a Class Member will revert back to the Defendant.

<u>Class Counsel's Attorney's Fees and Costs</u>

27.    The Parties agreed that the Defendant will pay the amount awarded by the Court to Class Counsel as reasonable and necessary attorney fees and costs for their work in this case (after the Defendant has had an opportunity to object).

a.    Class Counsel submitted a petition of Interim Attorney Fee Award on June 16, 2021, and a second but updated petition on January 10, 2022.   The Defendant filed a Response in Opposition to Class Counsel's first Petition on June 30, 2021, and a Reply was filed by Class Counsel on July 23, 2021.

b.    Class Counsel's petition was initially denied without prejudice, and Class Counsel submitted a new Petition for Interim Fee Award on January 7, 2022.   The Defendant filed their objection on February 2, 2022.   Class Counsel's January 7, 2022 Petition has not yet been ruled on by the Court.

    c.    Class Counsel filed a Petition for Final Fee Award on May 13, 2022, that seeks an award of accrued litigation fees and costs, above the amount requested in Class Counsel's prior petitions for an interim fee award.   The Defendant objects.

        i.    Class Counsel's Petition for Final Fee Award addresses all accrued litigation fees and accrued litigation costs up to May 12, 2022;

        ii.    The Petition for Final Fee Award also seeks an award of additional litigation fees and costs, to address further work to be performed in the case, such as preparing class members for and participating in special damages proceedings with them, and through to the conclusion of the case.

    d.    The Court awards Class Counsel $350,000.00 for their accrued litigation fees and costs and for future anticipated litigation fees and costs [Dkt. 162.]  Class Counsel's Motion for Interim Attorney Fees [Dkt. 162] is DENIED AS MOOT.

Claims Administrator

28.     The Court reaffirms the appointment of **Rust Consulting** as Claims Administrator.

29.     The Defendant has sole responsibility for paying the Claims Administrator's accrued fees and incurred costs in this case, including but not limited to the fees and costs incurred by the Claims Administrator as a result of providing mailed and published Notice of the Class and Class settlement to Class Members, searching for and attempting to locate Class Members whose mailed Notices are returned undeliverable and/or checks are not cashed after 90 days, mailing and service of settlement checks, distribution of settlement funds, and any and other duties of administering the Settlement Fund that Rust Consulting performed.

Special Master

30.     The Court affirm/ reaffirms the appointment of C. Erik Chickedantz as Special Master, to conduct special damages proceedings remotely via Zoom.

31.     The Defendant is to pay to the Special Master directly and not from the settlement fund, the Special Master's fees and costs at a rate of $250.00 per hour, up to and including $5,600.00.   The Defendant is solely responsible for paying the Special Master.

Allocation and Distribution Plan

32.     The Court approves the Allocation and Distribution Plan set forth herein, and directs the Claims Administrator to distribute the Class Fund in the manner provided herein.

33.     The Claims Administrator shall scale the general damages claim awards to each Class Member, based upon the lengths of the individual Class Members' *Gerstein* over-detention, that is, the time the class member was held in the Madison County Jail beyond forty-

eight hours following their warrantless arrest, up to the time they received either a judicial probable cause determination, issuance of a judicial hold or warrant, or the time of their release, whichever came first.

>  a.   Class I members shall receive compensation for the time of their *Gerstein* over-detention, based upon the rate of $ 28.00 per hour, multiplied by the length of the individual Class Member's *Gerstein* over-detention.   Partial hours of over-detention time will be calculated as the number of minutes less than an hour divided by 60 minutes, then rounded to the nearest 100th of an hour;
>
>  b.   Class II members may be entitled to "special damages" in addition to the "loss of liberty" damages set forth above.   These Class II Plaintiffs may receive extra compensation in consideration for their provable "special damages," in an amount determined by the Special Master and approved by the Court.

34.   The Claims Administrator shall serve to each Class II member an additional award for Special Damages, based upon their provable "Special Damages Claim" as determined by the Special Master who will consider each claim and whose decision will be final.

35.   Each class member's period of incarceration is to be determined exclusively upon information obtained from the arrest records, jail records, and law enforcement records from the Madison County Sheriff's Department and other arresting agencies within Madison County, and the records of the courts within Madison County.

36.   The Claims Administrator shall pay Individual Special Damages Claims as recommended by the Special Master and approved by the Court, within 30 days of the Court's Order approving the Special Masters' recommendations of the amount of each Special Damages Award to be issued.

37.   The Claims Administrator will undertake all allocation and administrative responsibilities for the settlement consistent with a reasonable and sound system of distribution that is approved by the Court.   The Claims Administrator shall use its best efforts to distribute

the settlement funds in such a way as to ensure that no residual amount of money will remain after final distribution of the general damages claims, and that full distribution occurs on all Special Damages awards.   If, after all reasonable efforts to distribute the Settlement Funds to class members have been exhausted, and some residual amount still remains, that residual amount will revert to the Defendant.

38.	At the conclusion of the Class Distribution, the Claims Administrator shall submit a report to the court summarizing the payments made to the Class, and seeking any final administrative fees and costs to be approved for payment by the Defendant.

39.	Except as otherwise provided in this Order, each party shall bear its own costs, expenses and attorney's fees.

40.	The Court reserves and maintains jurisdiction over this settlement and its provisions, and over the claims administration and distribution of the funds.   Disagreements between the Parties on any disputes or unresolved aspects of this Order shall be subject to further review by this Court.

41.	The Claims Administrator shall distribute the first round of checks within forty-five (45) days after the Final Approval Order is entered.   The Claims Administrator shall later file a final report, within 60 days after the conclusion of the final distribution of Settlement Funds for which it is responsible under this Order.

42.	The monetary relief provided for in the Settlement Agreement fairly, reasonably, and adequately compensates the Class for all alleged violations of rights and all claims and any other incidents of incarceration by the Class Members that were or could have been brought in this civil action under any theory of liability for any claims related to allegedly

unlawful over-detentions (except as to any monetary damages for any class member who timely elected to opt out of the class).

43. The Court hereby dismisses the instant action on the merits, with prejudice, and without costs, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlement Agreement and this Final Order of Approval of Settlement.

44. Plaintiffs are hereby severally and permanently barred and enjoined, to the fullest extent permitted by law, from filing, commencing, instituting, maintaining, prosecuting or participating in a lawsuit or any other proceeding against the Madison County Sheriff involving or based on any of the claims that were brought or that could have been brought in this action, either directly or indirectly, representatively, derivatively, or in any other capacity, or that are otherwise encompassed within the Settlement Agreement in this action.

45. Plaintiffs have not relied upon the advice of Class Counsel as to the legal and/or tax consequences of this settlement, the payment of any money by the Madison County Sheriff or the distribution of the Settlement Funds.

46. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay of direct entry of this Final Order of Approval of Settlement.

47. The Court approves the Opt-Out of class member Daniel Johnson from the Class and Settlement.

SO ORDERED.

_____5/16/2022_____
Dated

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

17

Distribution to counsel of record via CM/ECF